UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-22349-BLOOM

DANIEL R. DOTSON,

    Plaintiff,

v.

FLORIDA DEPARTMENT OF
CORRECTIONS,

    Defendant.
_____/

## ORDER OF DISMISSAL

**THIS CAUSE** is before the Court upon a review of *pro se* Plaintiff Daniel R. Dotson's ("Plaintiff") "Notice of Intent to Sue for Injunctive Relief," liberally construed as a Complaint under 42 U.S.C. § 1983, ECF No. [1]. Plaintiff, a state prisoner, seeks injunctive relief against the Florida Department of Corrections ("FDOC"), claiming that it has violated his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") by failing to provide him with a religious diet. The Court has screened the Complaint under 28 U.S.C. § 1915A. For the following reasons, the Complaint is **DISMISSED WITHOUT PREJUDICE**.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *Griffin v. City of Opa Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Because Plaintiff is a prisoner who has filed suit against a governmental entity, the screening provisions of 28 U.S.C. § 1915A apply. Under that statute, courts must review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and shall "dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to

state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(a)–(b); *see also Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007).

A pleading fails to state a claim for relief when it does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint need not contain detailed factual allegations, but it must provide as grounds for relief something more than "labels and conclusions" and "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). To survive dismissal, a complaint must "state a claim for relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. The same standard for dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) applies to § 1915A. *See Jemison v. Wise*, 386 F. App'x 961, 963 (11th Cir. 2010).

The Court holds *pro se* pleadings "to a less stringent standard than pleadings drafted by attorneys" and construes them liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). This leniency, however, "does not give a court license to serve as *de facto* counsel for a party or to rewrite and otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

As an initial matter, Plaintiff cannot commence a civil action by filing a "Notice of Intent to Sue." *See Short v. Alldredge*, No. 3:24-CV-502-AW-HTC, 2024 WL 4795255, at *2 (N.D. Fla. Oct. 17, 2024) ("[T]he Court has repeatedly told Short he cannot initiate a civil action by filing a 'Notice of Action.'"). Under Federal Rule of Civil Procedure 3, "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. In addition, the Local Rules of this Court require that complaints under § 1983 "must substantially follow the forms" prescribed by the

2

Court. *See* S.D. Fla. L.R. 88.2(a)(4). *Pro se* litigants must comply with the Federal Rules of Civil Procedure and the district court's local rules. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). A district court may *sua sponte* dismiss a case for failure to comply with a court order or the Federal Rules. *See Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005).

Plaintiff's filing, which states, "[t]his is a notice of intent to inform the Defendant as well as the Honorable Court of my intention to sue," is not a complaint, nor is it on this Court's form for civil rights complaints. ECF No. [1] at 1. Because Plaintiff has not filed a formal complaint, the Court lacks subject matter jurisdiction over this action, and summary dismissal is warranted. *See Romagnano v. Byrd*, No. 3:23-CV-8294-TKW-HTC, 2023 WL 3466656, at *1 (N.D. Fla. Apr. 28, 2023) ("[T]he Court lacks subject matter jurisdiction over this case because Plaintiff has not filed a civil complaint . . . [w]ithout a complaint, there is no case or controversy before this Court"); *Romero v. FCI Marianna Health Serv. Adm'r*, No. 5:21-CV-145-TKW-MJF, 2021 WL 3728268, at *1 (N.D. Fla. July 29, 2021) ("Because Plaintiff has not filed a complaint, there is no case or controversy to be heard . . . [t]he District Court, therefore, lacks jurisdiction to consider Plaintiff's request for a preliminary injunction.")

In any event, even construing the pleading as a complaint, Plaintiff's Complaint must be dismissed for failure to exhaust administrative remedies. Under the Prison Litigation Reform Act ("PLRA"), a prisoner may not file a suit "with respect to prison conditions" under any federal law, including § 1983, "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524 (2002). Although the failure to exhaust administrative remedies is an affirmative defense, "[a] district court may dismiss an action *sua sponte* . . . if an affirmative defense—including failure to exhaust—appears on the face of the

complaint." *Booth v. Allen*, 758 F. App'x 899, 901 (11th Cir. 2019) (per curiam) (citations omitted); *see also Wells v. Brown*, 58 F.4th 1347, 1357 (11th Cir. 2023) ("[T]he question is whether the plaintiff's failure to exhaust appears on the face of the complaint. If it does, the plaintiff has failed to state a claim.").

Here, Plaintiff's failure to exhaust is clear from the face of his Notice/Complaint. Plaintiff states, "[i]f the Defendant does not approve the certified food option for me . . . I will exhaust the administrative remedy requirements of the Department and then sue the Department under the RLUIPA for injunctive relief." ECF No. [1] at 4. In other words, Plaintiff concedes that he has not yet exhausted his administrative remedies with respect to his claim against the FDOC for a religious diet. As a Florida state prisoner, Plaintiff must comply with Florida's "Inmate Grievance Procedure," as set forth in Chapter 33-103 of the Florida Administrative Code, before filing suit under § 1983. *See Sims v. Sec'y, Fla. Dep't of Corr.*, 75 F.4th 1224, 1230 (11th Cir. 2023) ("Florida's 'Inmate Grievance Procedure' (contained in Chapter 33-103 of the Florida Administrative Code) sets out steps for 'the administrative settlement' of prisoner complaints." (citing Fla. Admin. Code r. 33-103.001(1))). Because Plaintiff acknowledges that he has not exhausted his administrative remedies, his Complaint is subject to dismissal under § 1915A for failure to state a claim. *See Okpala v. Drew*, 248 F. App'x 72, 73 (11th Cir. 2007) ("On this record, the district court did not err by dismissing the complaint, pursuant to § 1915A, because Okpala's failure to exhaust administrative remedies—an affirmative defense—was clear from the face of the complaint."). In effect, Plaintiff's Complaint is premature. Plaintiff is advised that he may refile his Complaint in a new case *after* he has exhausted his administrative remedies with the FDOC. *See Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000) ("[A]n inmate alleging harm suffered

Case No. 25-cv-22349-BLOOM

from prison conditions must file a grievance and exhaust the remedies available under that procedure *before* pursuing a § 1983 lawsuit." (emphasis added)).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915A(b).

2. The Clerk of Court is directed to **CLOSE** this case.

3. To the extent not otherwise disposed of, all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 28, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Daniel R. Dotson, *PRO SE*
127542
Everglades Correctional Institution
Inmate Mail/Parcels
1599 SW 187th Avenue
Miami, FL 33194